**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **WILLIAM TODD**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MARTIN MARIETTA MATERIALS, INC.**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. _____** |

**PLAINTIFF, WILLIAM TODD'S, ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, William Todd (hereinafter "Plaintiff" or "Todd"), by and through undersigned counsel, and files this Original Complaint against Defendant, Martin Marietta Materials, Inc. ("Defendant" or "Martin Marietta"), to redress certain grievances under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000(e), *et seq.* and for causes of action Plaintiff would show the Court as follows:

15.

## I. PARTIES, JURISDICTION, AND VENUE

16. Plaintiff, William Todd, is an individual residing in Flint, Texas.

17. Defendant, Martin Marietta Materials, Inc., is a foreign for profit corporation with

its principal place of business in Raleigh, North Carolina and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

18. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

19. This court has jurisdiction to hear the merits of Plaintiff's claim under 42 U.S.C. §2000e *et seq.*

20. Venue is proper in this district and division under 28 U.S.C. § 1391.

## II. FACTUAL BACKGROUND

7. Defendant employed Plaintiff as a full-time driver for its concrete operations beginning on or about May 28, 2024, at its facility located near Tyler, Texas.

8. During Plaintiff's employment, he performed his job duties in a satisfactory manner and worked unloading trucks and transporting materials as part of Defendant's daily operations.

9. On or about June 23, 2025, Plaintiff was subjected to repeated racial harassment by a coworker identified as Loui L.N.U. ("Loui"). Specifically, during the course of one work week, Loui referred to Plaintiff using the racial slur "nigga" on three separate occasions.

10. The first incident occurred while Plaintiff was unloading a truck when Loui approached Plaintiff and stated, "What's up my nigga." Plaintiff immediately objected to the use of the racial slur and instructed Loui not to use that language toward him.

11. On the following day, Loui again referred to Plaintiff using the same racial slur in the presence of another employee identified as Michael L.N.U. ("Michael"). Plaintiff again objected and instructed Loui to stop using the offensive language. Despite Plaintiff's objections, Loui repeated the racial slur a third time during the same week.

12. Following the incidents, Plaintiff reported the racial harassment and discriminatory conduct to his supervisor and management. While Plaintiff was attempting to explain the incidents, his manager interrupted him and stated, "Aren't you Black?" The manager then laughed and stated, "Keep telling me." Thereby dismissing and trivializing Plaintiff's complaints of racial harassment.

13. Plaintiff subsequently reported the incidents to Human Resources. However, Human Resources failed to take appropriate remedial action and upon information and belief failed to take appropriate corrective action against Loui.

14. Despite Plaintiff's repeated complaints, Defendant failed to adequately investigate or remedy the racially hostile work environment. Other employees who witnessed the conduct similarly failed to intervene or report discriminatory behavior.

15. Shortly after Plaintiff reported the racial harassment, Defendant subjected Plaintiff to retaliation. Specifically, during the week following his complaints, Plaintiff was sent home early by management without justification. Plaintiff's manager abruptly ended the conversation and instructed Plaintiff to leave work.

16. Further, after engaging in protected activity by reporting the above-referenced discriminatory conduct, Plaintiff was subjected to increased scrutiny and disciplinary action. Indeed, Defendant issued Plaintiff write-ups concerning alleged prior conduct, including false accusations that Plaintiff ran a red light.

17. Plaintiff further believes that the disciplinary actions and hostile treatment were intended to retaliate against him for opposing unlawful racial discrimination and harassment in the workplace.

18. As a direct result of Defendant's discriminatory and retaliatory conduct, Plaintiff was subjected to a hostile work environment that became intolerable. Plaintiff ultimately resigned

his employment because of the ongoing retaliation, racial harassment, and Defendant's failure to remedy the unlawful conduct.

19. Plaintiff thereafter filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C."), alleging racial discrimination, hostile work environment, and retaliation in violation of federal law.

20. The E.E.O.C. subsequently issued Plaintiff a Notice of Right to Sue.

## III. CONDITIONS PRECEDENT

21. All conditions precedent to the filing of this lawsuit have been satisfied.

## IV. CAUSES OF ACTION

### A. Racial Harassment and Discrimination under Title VII

22. Todd repeats and realleges each of the allegations contained in Paragraphs 1 through 21 above and incorporates them herein by reference.

23. Defendant intentionally discriminated against Todd on the basis of his race and subjected him to a racially hostile work environment in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000(e), *et seq.*, by subjecting him to the unlawful discriminatory and harassing actions described above.

24. As a result of the above-referenced unlawful discriminatory actions, Todd has suffered and will continue to suffer actual damages both past and future, for which he hereby sues.

25. As a further result of Defendant's unlawful discriminatory actions, Todd has suffered compensatory damages by reason of future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages for which he hereby sues.

26. At all times relevant to this action, Defendant acted with malice or reckless

indifference to Todd's protected rights; thus entitling him to punitive damages.

27. To redress the injuries sustained by Todd on account of Defendant's actions, Todd has retained the undersigned counsel to represent himin this action. Todd therefore seeks recovery of his reasonable attorney's fees, expert fees, and costs.

28. Todd hereby demands a jury trial on all claims asserted in this action.

**B. Retaliation under Title VII**

29. Todd repeats and realleges each of the allegations contained in Paragraphs 1 through 28 above and incorporates them herein by reference.

30. Defendant intentionally retaliated against Todd for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000(e), *et seq.*,by subjecting him to the unlawful retaliatory actions described above.

31. As a result of the above-referenced unlawful retaliatory actions, Todd has suffered and will continue to suffer actual damages both past and future, for which she hereby sues.

32. As a further result of Defendant's unlawful retaliatory actions, Todd has suffered compensatory damages by reason of future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages for which he hereby sues.

33. At all times relevant to this action, Defendant acted with malice or reckless indifference to Todd's protected rights; thus, entitling him to punitive damages.

34. To redress the injuries sustained by Todd on account of Defendant's actions, Todd has retained the undersigned counsel to represent him in this action. Todd therefore seeks recovery of his reasonable attorney's fees, expert fees, and costs.

35. Todd hereby demands a jury trial on all claims asserted in this action.

## V. DAMAGES AND OTHER RELIEF

36. As set forth above, Plaintiff alleges causes of action arising from Defendant's harassment, discrimination based on race, retaliation, and the creation and maintenance of a hostile work environment in violation of federal law.

37. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including, but not limited to, severe emotional distress, mental anguish, humiliation, embarrassment, damage to his professional reputation, and loss of enjoyment of life.

38. Plaintiff has incurred and will continue to incur past and future medical expenses, including expenses related to psychological treatment, behavioral health hospitalization, counseling, therapy, and other medical care necessitated by the emotional and mental harm caused by Defendant's actions.

39. Plaintiff has also suffered economic damages, including lost wages, lost promotional opportunities, loss of earning capacity, and compensation associated with the promised senior lead position and pay increase that were wrongfully withheld.

40. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including:

a. Past and future medical and psychological treatment expenses;

b. Mental anguish and emotional distress;

c. Humiliation and damage to reputation;

d. Past and future lost wages and benefits;

e. Loss of earning capacity and promotional opportunities;

f. Compensatory damages as permitted by law;

g. Punitive and/or exemplary damages due to Defendant's willful and reckless conduct;

h. Attorneys' fees, expert fees, and court costs as allowed by law;

## VI. DEMAND FOR JURY TRIAL

41. Plaintiff demands a trial by jury on all claims. Plaintiff acknowledges that the required jury fee has been paid.

## VII. DESIGNATED E-SERVICE EMAIL ADDRESS

42. The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: service@bushlawgrp.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## VIII. PRAYER FOR RELIEF

43. WHEREFORE, Todd requests that Defendant be cited to appear and answer, and that on final trial, judgment be granted against Defendant awarding Todd the following:

a. Judgment against Defendant for the relief stated above;

b. Pre-judgment and post-judgment interest in the maximum amount allowed by law;

c. Attorney's fees, expert fees, and cost of suit; and

d. Such other and further legal and equitable relief to which Plaintiff may be justly entitled.

Dated: June 26, 2026

**Respectfully submitted,**

**BUSH & BUSH LAW GROUP**

By: ______________________________
Wendell Washington
Texas Bar No. 24044165
Email: wwashington@bushlawgrp.com
Charles Bush
Texas Bar No. 24096028
Email:cbush@bushlawgrp.com
5601 Executive Drive, Suite 410
Irving, Texas 75038
Telephone: (972) 488-8888
Facsimile: (833) 228-5342
**E-service only:** service@bushlawgrp.com

**ATTORNEYS FOR PLAINTIFF**